**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

UNITED STATES OF AMERICA

v.	CRIMINAL NO. 1:94-CR-00001-B

REGINALD E. GREEN

**GOVERNMENT'S RESPONSE TO DEFENDANT MOTION FOR
RETROACTIVE APPLICATION OF THE SENTENCING GUIDELINES
<u>FOR CRACK COCAINE OFFENSES</u>**

The United States of America, by and through Felicia C. Adams, United States Attorney for the Northern District of Mississippi, and Scott F. Leary, Assistant United States Attorney, hereby responds to the Defendant's motion for retroactive application of the sentencing guidelines for crack cocaine offences, as follows:

Title 18, United States Code § 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Effective November 1, 2011, the United States Sentencing Guidelines were amended. Said amendment lowered the base offense levels applicable to cocaine base ("crack") offenses. However, according to § 3582(c)(2), this amendment is inapplicable to the defendant, as it does not reduce the defendant's sentencing guidelines range.

On or about March 15, 1995, Reginald E. Green was convicted by a jury of (Count One) conspiring to distribute an amount in excess of 50 grams of cocaine base in violation of 18 U.S.C. § 846, and (Count Two) engaging in a continuing criminal enterprise, in violation of 18 U.S.C. § 848. See Defendant's § 3582 Motion, p. 3. At sentencing, Reginald E. Green's Base Offense Level was a 38, and based upon 40 kilograms of cocaine base. In the instant case, the revised sentencing guidelines do not change the defendant's sentence, for an amount in excess of 8.4 kilograms of cocaine base still results in a base offense level of 38. Application of the revised sentencing guidelines do not change the defendant's sentence.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] The version of Section 1B1.10 applicable in this case is effective on November 1, 2011 (the date on which the retroactive amendment the defendant seeks to apply is effective), and provides, in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

  (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2)  Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

  (A)  none of the amendments listed in subsection (c) is applicable to the defendant; or

  (B)  an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3)  Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

In Dillon v. United States, 130 S. Ct. 2683 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. at 2688. The Court affirmed that a two-step approach must be followed:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Ibid.
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less

>than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). . . .
>
>At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

Dillon, 130 S. Ct. at 2691-92.

The amendment in question in this matter is part A of Amendment 750, which altered the offense levels in Section 2D1.1 applicable to crack cocaine offenses, and which the Sentencing Commission added to Section 1B1.10(c) as a retroactive amendment. The Sentencing Commission lowered these offense levels pursuant to the Fair Sentencing Act of 2010, which changed the threshold quantities of crack cocaine which trigger mandatory minimum sentences under 21 U.S.C. § 841(b), and directed the Commission to implement comparable changes in the pertinent guideline.

The defendant's motion must be denied because, notwithstanding the guideline amendment, the amendment does not have the effect of lowering the defendant's guideline range.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may *only* be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." See Dillon, 130 S. Ct. at 2691-92. In Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, makes clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the

4

applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (Nov. 1, 2011) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See United States v. Lindsey, 556 F.3d 238 (4th Cir. 2009) (finding that, although a defendant's offense level (prior to a departure) was 41, and is now 39, he was not entitled to relief because the sentencing range of 360 months to life remained unchanged); United States v. McFadden, 523 F.3d 839 (8th Cir. 2008) (per curiam); United States v. Leniear, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008); United States v. Jackson, 324 Fed. Appx. 153 (3d Cir. 2009) (not precedential) (ineligible because range unchanged based on guideline applicable to different drug also involved in the offense).

## CONCLUSION

For the reasons stated above, the government respectfully asserts that this amendment is inapplicable to the defendant and therefore said sentence may not be reduced.

This the 28th day of February 2012.

    Respectfully submitted,

    FELICIA C. ADAMS, MS Bar 1049
    United States Attorney

    */s/ Scott F. Leary*
    Scott F. Leary, MS Bar 8985
    Assistant United States Attorney
    900 Jefferson Avenue
    Oxford, Mississippi 38655
    (662)234-3351

CERTIFICATE OF SERVICE

    I, Scott F. Leary, Assistant United States Attorney, do hereby certify that a true and accurate copy of the foregoing position paper has been forwarded to the defendant, designated defense counsel Greg Park, and to the probation office; and has been filed via the Court's electronic filing system.

    This 28th day of February, 2012.

                                      */s/ Scott F. Leary*
                                      Scott F. Leary
                                      Assistant United States Attorney
                                      900 Jefferson Avenue
                                      Oxford, Mississippi 38655
                                      (662)234-3351